UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                             Chapter 11

CARGO TRANSPORTATION                               Case No. 8:11-bk-432
SERVICES, INC.,

      Debtor.                               (*Emergency Hearing Requested*)
_____/

**DEBTOR'S EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING
REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a),
361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE
<u>4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**STATEMENT OF RELIEF REQUESTED**

The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with a proposed budget attached hereto and to provide replacement liens as described below as adequate protection for the interests in the cash collateral. The Debtor believes that the parties listed herein may assert a valid and perfected security interest in the Cash Collateral. As adequate protection, the Debtor proposes to grant to those parties replacement liens to the same extent, validity, and priority as the security interests held by the parties as of the Petition Date.

Cargo Transportation Services, Inc. (the "**Debtor**"), as debtor and debtor-in-possession, by and through its undersigned attorney, file its Emergency Motion for Entry of Interim and Final Orders Authorizing use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Motion**") and requests the entry of interim and final orders approving the Debtor's use of cash collateral. In support of the Motion, the Debtor respectfully represents as follows:

**Preliminary Statement**

1. As of the drafting of this Motion, there are approximately 200 trucks delivering over 1,100 shipments to the Debtor's customers. Unfortunately, the drivers currently do not have money to buy fuel because Comerica Bank, relying on technical non-monetary defaults that the Debtor disputes, has refused to allow the Debtor to use its cash. Accordingly, the Debtor had no choice but to file this bankruptcy petition. By this Motion, the Debtor is requesting that the Court order Comerica Bank to allow the Debtor to use cash collateral to avoid immediate and irreparable harm.

**Jurisdiction and Venue**

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.

3. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 361 and 363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**Summary of Relief Requested**

5. As further set forth below, prior to the Petition Date, the Debtor executed certain loan agreements in favor of Comerica Bank ("**Lender**") pursuant to which the Debtor granted a security interest in its accounts receivable to the Lender. On information and belief, the Lender may assert that it has liens on accounts receivable

generated by the Debtor's business and that it therefore has an interest in the Debtor's cash collateral within the meaning of 11 U.S.C. § 363(a) (the "**Cash Collateral**").

6. The Debtor intends to use the Cash Collateral in the continued operation of its business and in accordance with the budget (the "**Budget**") attached as Exhibit A and by reference incorporated herein.

7. Accordingly, the Debtor seeks the entry of an interim order authorizing the use of Cash Collateral (the "**Interim Order**") to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order.   To the extent there are inconsistencies between this summary and the terms of the Interim Order, the terms of the Interim Order shall control.

8. The significant provisions of the Interim Order are as follows:

   (a) Interim Relief. The Order shall be granted on an interim basis, pending a final hearing on the Motion.

   (b) Budget. The Debtor's use of cash collateral will be materially consistent with the Budget; and

   (c) Adequate Protection. The following shall constitute good and sufficient adequate protection to the Lender for the Debtor's use of the Cash Collateral:

      i. Adequate Protection Liens. The Debtor shall provide the Lender with replacement liens identical in extent, validity and priority as such liens existed on the Petition Date; and

      ii. Reporting Requirements. The Debtor shall provide on a weekly basis profit and loss statements on a cash basis to counsel for the Lender.

   (d) Event of Default:  It shall be an event of default if the Debtor exceeds the 10% variance on an aggregate basis provided for in the Interim Order; provided, however, in the event of a default, the Debtor's authority to use Cash Collateral shall continue until the

Lender obtains an order by appropriate motion after notice and a hearing requiring the Debtor to cease using Cash Collateral.

9. At the initial hearing on this Motion, the Debtor will seek to use Cash Collateral in the amount of approximately $3.1 million for the next two weeks or such other amount as is necessary to avoid immediate and irreparable harm on an interim basis pending entry of a final order on this Motion.

## Background

10. On January 12, 2011, (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

11. The Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

12. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

13. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code.

14. The Debtor is a Florida corporation that provides comprehensive transportation services to clients nationwide, including customized consolidation, distribution, logistics and warehousing services. The Debtor employs approximately 140 employees and averages approximately $100,000,000.00 in gross revenue per year.

15. Pursuant to a Master Revolving Note dated May 17, 2010, the Debtor has a $10.5 million line of credit with the Lender secured by the Debtor's accounts receivable.

16. Unfortunately, relying on technical nonmonetary defaults that are disputed by the Debtor, on January 10, 2011, the Lender unilaterally seized the Debtor's monies in its bank accounts and has since been collecting 100% of the Debtor's accounts receivable. The amount collected by the Lender to date is approximately $1.7 million.

17. The current balance due to the Lender is approximately $7.9 million. The total outstanding receivables are in excess of $9.5 million.

### Legal Authority for the Relief Requested

18. On information and belief, the Lender may assert that the accounts receivable constitute Cash Collateral within the meaning of Section 363(a) of the Bankruptcy Code. The Debtor reserves its rights to contest the validity and priority of the Lender's liens. The Debtor files this Motion and seek entry of an order authorizing the use of Cash Collateral generally and for purposes which include the following:

    (a) care, maintenance, and preservation of the Debtor's assets;

    (b) payment of necessary payroll, rent, suppliers, utilities, and other business expenses;

    (c) other payments necessary to sustain continued business operations; and

    (d) costs of administration in this Chapter 11 case.

19. The Debtor requests authority to use Cash Collateral immediately to pay the operating expenses set forth on the Budget attached hereto as <u>Exhibit A</u> and incorporated herein by reference, which are necessary to continue the operation of the Debtor's business, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its businesses and its estates.

20. There is insufficient time for a final evidentiary hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, to be held before the Debtor must arguably use Cash Collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be direct and immediate harm to the continuing operation of the Debtor's business. In order to continue its business activity in an effort to achieve successful reorganization, the Debtor needs to use Cash Collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also adversely impact upon the value of any secured party's collateral. Indeed, it is in the best interests of all creditors and the Debtor that the Debtor uses its Cash Collateral since such usage will preserve the value of any secured party's collateral. Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure authorizes this Court to hold an immediate preliminary hearing on this Motion.

21. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor,

the debtor must have the consent of the secured creditor or must establish to the Court that the secured creditor's interest in the cash collateral is adequately protected).

22. In the event that the Lender asserts a lien on Cash Collateral, in exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant, as adequate protection, to the petitioning Lender a replacement lien equal in extent, validity, and priority to the lien held by the Lender as of the Petition Date. The Debtor asserts that any interests of Lender will be adequately protected by replacement liens.

23. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease and its assets will have only liquidation value.

## Notice

24. Notice of this Motion has been given: (i) by the Court's CM/ECF system to the U.S. Trustee, and (ii) by United States first class mail and by facsimile and email to Comerica Bank and certain other parties listed on the attached Certificate of Service. The Debtor submits that, given the emergency nature of the relief requested herein, no other or further notice need be given.

## Basis for Emergency Relief

25. The facts previously set out herein clearly justify an immediate hearing on this Motion. As of the writing of this Motion, the Debtor currently has 200 trucks delivering over 1,100 shipments to the Debtor's customers. Many of these trucks contain produce that will spoil if not delivered immediately to the customers. This will have

catastrophic effects on the Debtor's ability to reorganize. If the Debtor cannot utilize Cash Collateral, the Debtor will be unable to pay operating expenses necessary to continue the operation of the Debtor's business and will be irreparably harmed. The Debtor has narrowly tailored the relief requested on an emergency basis in order to allow it to survive pending a final Cash Collateral hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor respectfully requests that this Court: (1) enter the Interim Order in the form as in the attached <u>Exhibit B</u>, granting the instant Motion and authorizing the interim use of Cash Collateral, (2) schedule a preliminary hearing on the Motion at the earliest possible time, (3) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2), (4) authorize the Debtor to use the cash collateral in the operation of its business, (5) order the Lender to allow it to use the Cash Collateral without further setoff; and (6) grant such other and further relief as may be just and proper.

DATED: January 12, 2011.

*/s/ Edward J. Peterson, III*
Edward J. Peterson, III
Florida Bar No. 0014612
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: epeterson@srbp.com
Counsel for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Lien Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* has been furnished on this 12th day of January, 2011, by either the Court's CM/ECF Noticing System, E-Mail, Facsimile or U.S. Mail to:

Office of the United States Trustee

Comerica Bank
Shareef Simaika
Vice President
500 Woodward Ave. Mc 3205
Detroit, MI 48226-3407
Fax: (313) 222-5706
Email: sasimaika@comerica.com

Comerica Bank
James L. Embree, CTP
500 Woodward Ave., 4th Fl.
Detroit, MI 48226
Fax: 1-313-222-5706
E-mail: jlembree@comerica.com

Comerica Bank
Andrew W. Ottaway
500 Woodward Ave. Mc 3205
Detroit, MI 48226-3407
Fax: (313) 222-5706
Email: awottaway@comerica.com

                                             */s/ Edward J. Peterson, III*
                                             Edward J. Peterson, III

# EXHIBIT "A"

CARGO TRANSPORTATION SERVICES, INC.
2 WEEK BUDGET

| DATES | CARRIER PAYABLES | COMDATA/FUEL | PAYROLL | TRADE PAYABLES/ UTILITIES | TOTALS: |
|---|---|---|---|---|---|
| 1/12/11 - 1/14/11 | $ 807,439.00 | $ 80,000.00 | $ - | $ 155,000.00 | $ 1,042,439.00 |
| 1/17/11 - 1/21/11 | $ 894,000.00 | $ 371,000.00 | $ 410,000.00 | $ 50,000.00 | $ 1,725,000.00 |
| 1/24/11 - 1/25/11 | $ 142,000.00 | $ 148,400.00 | | | $ 290,400.00 |
| Totals | $ 1,843,439.00 | $ 599,400.00 | $ 410,000.00 | $ 205,000.00 | $ 3,057,839.00 |

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11

CARGO TRANSPORTATION                                            Case No. 8:11-bk-432-MGW
SERVICES, INC.,

        Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND <u>RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>[1]**

THIS CASE came on for hearing on January ___, 2011, upon the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("**Motion**") [Docket No. ___]. The Motion seeks the entry of interim and final orders authorizing the use of "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code. The Court, having reviewed the Motion and having heard the argument and proffers of counsel, finds that the Motion should be granted on an interim basis to prevent immediate and irreparable harm to the Debtor's business. Accordingly, for the reasons stated orally and recorded in open Court, which shall constitute the decision of the Court, it is

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

**ORDERED** that:

1. The Motion is granted on an interim basis pending a final hearing to be conducted by the Court on _____, 2011 at _____ a.m. ("**Final Hearing Date**").

2. The Debtor is authorized to use Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) including, without limitation, cash, deposit accounts, and accounts receivable, through and including the Final Hearing Date, or as extended by further Court order or agreement of the parties, in accordance with the budget, a copy of which are attached hereto as <u>Exhibit 1</u> (collectively, the "**Budget**"), so long as the aggregate of all expenses of the Debtor for each week does not exceed the amount in the Budget for the Debtor by ten percent (10%) for any week on a cumulative basis ("**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph 10 of this Order, the Debtor is authorized to use Cash Collateral even if it exceeds the Variance.

3. Beginning the week of January 17, 2011, the Debtor shall provide on a weekly basis profit and loss statements on a cash basis to counsel for the Lender by email by 5:00 p.m. (EST) on Friday of the following week. The first report shall be due January 28, 2011, and shall include the weekly profit and loss statements from January 17, 2011 through January 23, 2011.

4. Comerica Bank is hereby ordered to turn over Cash Collateral to the Debtor and to allow the Debtor to use Cash Collateral without setoff.

5. The Lender is granted as adequate protection post-petition replacement liens against the Debtor's Cash Collateral to the same extent, validity, and priority as existed as of the Petition Date.

6. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtor or its estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

7. This Order is without prejudice to the Debtor's rights to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion, and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

8. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

9. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

10. It shall be an event of default if the Debtor exceeds the Variance without the prior written consent of the Lender, which consent shall not be unreasonably withheld; provided, however, in the event of a default, the Debtor's authority to use Cash Collateral shall continue until the Lender obtains an order by appropriate motion after notice and hearing (which may be on an expedited basis, subject to the Court's calendar) requiring the Debtor to cease using Cash Collateral.

4

11.     All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute Cash Collateral.

DONE AND ORDERED at Tampa, Florida, on _____.

_____

United States Bankruptcy Judge