UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CARGO TRANSPORTATION
SERVICES, INC.,

       Debtor.
_____ /

Chapter 11

Case No. 8:11-bk-00432-MGW

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE[1]**

THIS CASE came on for hearing on January 13, 2011, upon the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Motion**") [Docket No. 2]. The Motion seeks the entry of interim and final orders authorizing the use of "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code. The Court, having reviewed the Motion and having heard the argument and proffers of counsel, including the *ore tenus* objections of Comerica Bank, finds that the Motion should be granted on an interim basis to prevent immediate and irreparable harm to the Debtor's business. Accordingly, for the reasons stated orally and recorded in open Court, which shall constitute the decision of the Court, it is

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

**ORDERED** that:

1. The Motion is granted on an interim basis pending a further preliminary hearing to be conducted by the Court on January 19, 2011 at 1:30 p.m. (the "**Next Preliminary Hearing Date**").

2. The Debtor is authorized to use Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) including, without limitation, cash, deposit accounts, payments from customers, and accounts receivable, through and including the Next Preliminary Hearing Date, or as extended by further Court order or agreement of the parties, in accordance with the budget, a copy of which is attached hereto as <u>Exhibit A</u> (collectively, the "**Budget**"), so long as the aggregate of all expenses of the Debtor for each week does not exceed the amount in the Budget for the Debtor by ten percent (10%) for any week on a cumulative basis ("**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph 12 of this Order, the Debtor is authorized to use Cash Collateral even if it exceeds the Variance.

3. The Debtor shall continue to provide to Comerica Bank the type and format of all financial and business reporting, by its due date, that it was providing to Comerica Bank prior to the bankruptcy filing, including the daily report that was due on the Petition Date and a report containing sufficient information, including a cash pro forma and current asset valuation, which would allow this Court to decipher the availability of any equity cushion on a daily basis. The Debtor shall provide a new four week budget to Comerica Bank at least twenty-four (24) hours prior to the Next Preliminary Hearing Date.

4. Comerica Bank is hereby ordered to make available Cash Collateral to the Debtor and to allow the Debtor to use Cash Collateral without setoff, less ordinary bank account charges and fees per the deposit account agreement. Comerica Bank received funds in the Debtor's lockbox account on the Petition Date. Comerica Bank has agreed not to seek an adjudication of which funds received prepetition would remain subject to application by Comerica Bank pursuant to its prepetition agreements with the Debtor, versus which funds were received postpetition and would be considered Cash Collateral. Comerica Bank has agreed to treat all funds received on the Petition Date as Cash Collateral. Comerica Bank shall report to the Debtor and make available to the Debtor the collected and cleared Cash Collateral funds in the Debtor's prepetition accounts.

5. Comerica Bank is hereby granted (retroactive to January 12, 2011) and re-granted, without the necessity of executing or recording any documents, as security, a replacement lien of equal extent, validity, priority, and dignity to Comerica Bank's pre-petition lien that attaches automatically and without interruption to all post-petition collateral of the same description as that subject to Comerica Bank's pre-petition lien. The Court makes no determination at this time as to the extent, validity, priority, or dignity of any security interest held by Comerica Bank, or the obligations between Comerica Bank and the Debtor, prior to the Petition Date.

6. The security interests and liens herein granted and re-granted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of Comerica Bank on the Petition Date; (ii) shall secure the payment of indebtedness to Comerica Bank in an amount equal to the aggregate Cash Collateral used or consumed by

3

the Debtor since the Petition Date; and (iii) shall be deemed to be perfected without the necessity of any further action by Comerica Bank or the Debtor.

7. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtor or its estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

8. This Order is without prejudice to the Debtor's rights to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion, and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

9. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

10. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

11. The *ore tenus* objections raised by Comerica Bank at the preliminary hearing are overruled in all respects.

12. It shall be an event of default if the Debtor exceeds the Variance without the prior written consent of Comerica Bank, which consent shall not be unreasonably withheld; provided, however, in the event of a default, the Debtor's authority to use Cash Collateral shall continue until Comerica Bank obtains an order by appropriate motion

after notice and hearing (which may be on an expedited basis, subject to the Court's calendar) requiring the Debtor to cease using Cash Collateral.

13. All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute Cash Collateral.

DONE AND ORDERED Tampa, Florida on January 20, 2011.

_____
Michael G. Williamson
U.S. Bankruptcy Judge

Copies provided by CM/ECF

# EXHIBIT A

2 Week Budget.xlsx
1/13/2011

| Day | 1/12/2011 | 1/13/2011 | 1/14/2011 | 1/17/2011 | 1/18/2011 | 1/19/2011 | 1/20/2011 | 1/21/2011 | 1/24/2011 | 1/25/2011 | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning AR** | 9,572,485 | 9,456,626 | 9,598,365 | 9,544,763 | 9,490,069 | 9,452,378 | 9,417,760 | 9,395,838 | 9,359,426 | 9,315,118 | 9,572,485 |
| **Billings** | 307,111 | 278,362 | 271,321 | 265,021 | 274,433 | 271,149 | 271,530 | 266,042 | 292,191 | 298,026 | 2,795,186 |
| **Cash Receipts** | 422,970 | 136,622 | 324,924 | 319,714 | 312,124 | 305,767 | 293,452 | 302,454 | 336,499 | 341,721 | 3,096,248 |
| **Ending AR** | 9,456,626 | 9,598,365 | 9,544,763 | 9,490,069 | 9,452,378 | 9,417,760 | 9,395,838 | 9,359,426 | 9,315,118 | 9,271,423 | 9,271,423 |
| | | | | | | | | | | | |
| **Carrier Payments** | 242,720 | 161,770 | 187,607 | 180,087 | 167,815 | 188,646 | 177,185 | 180,268 | 178,800 | 178,543 | 1,843,439 |
| **Driver Advances (Comdata)** | 35,000 | 40,000 | 40,000 | 45,000 | 90,000 | 35,000 | 40,000 | 36,000 | 50,000 | 98,400 | 509,400 |
| **Fuel (Pilot)** | 45,000 | - | - | - | - | 45,000 | - | - | - | - | 90,000 |
| **Payroll** | - | - | - | - | - | - | 253,900 | 156,100 | - | - | 410,000 |
| **Accounting** | - | - | - | 15,000 | - | - | - | - | - | - | 15,000 |
| **Overhead** | 50,000 | 55,000 | 50,000 | 10,000 | - | 10,000 | - | 15,000 | - | | 190,000 |
| **Cash Needs** | 372,720 | 256,770 | 277,607 | 250,087 | 257,815 | 278,646 | 471,085 | 387,368 | 228,800 | 276,943 | 3,057,839 |
| | | | | | | | | | | | |
| **Cash Balance** | 50,250 | (69,897) | (22,581) | 47,047 | 101,356 | 128,478 | (49,155) | (134,069) | (26,370) | 38,408 | 38,408 |