UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    )
                                          )
CARGO TRANSPORTATION                      )    CASE NO. 8:11-bk-432-MGS
SERVICES, INC.,                           )
                                          )    Chapter 11
          Debtor.                         )
                                          )
_____)

**OLD DOMINION FREIGHT LINE, INC.'S AMENDED MOTION
FOR RELIEF FROM THE AUTOMATIC STAY, TO
THE EXTENT APPLICABLE, TO EXERCISE ITS RIGHTS
TO SEEK PAYMENT FROM ITS CUSTOMERS**

Old Dominion Freight Line, Inc. ("Old Dominion"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order modifying the automatic stay, to the extent applicable, to allow Old Dominion to exercise its rights to seek payment from its customers. In support of this Motion, Old Dominion respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G) and (O).

4. The bases for the relief requested herein are sections 105(a), 362(d)(1), 362(d)(2), and 541 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") and Rules 4001 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# BACKGROUND

### A. Bankruptcy Case Background

5. On January 12, 2011 (the "Petition Date"), Cargo Transportation Services, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida (the "Court") commencing this chapter 11 case.

6. On January 18, 2011, the Debtor filed its Emergency Motion to Pay Prepetition Claims of Independent Contractors (the "Independent Contractors Motion"). Pursuant to the Independent Contractors Motion, the Debtor sought, and the Court then authorized, permission to pay monies it owes to Old Dominion. Specifically, the Debtor sought authority to pay Old Dominion $201,721.14. See D.E. 28.

7. On January 20, 2011, the Court entered an order approving the Independent Contractors Motion and authorizing payment of the prepetition obligations included in the Independent Contractors Motion (the "Independent Contractors Order").

8. On January 26, 2011, the United States Trustee appointed a committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

9. On January 31, 2011, the Debtor filed its Emergency Motion for an Order: (1) to Show Cause Why Certain Independent Contractors Should Not be Held in Contempt for Violation of the Automatic Stay; and (2) to Enforce the Automatic Stay (the "Stay Motion").

10. On February 1, 2011, Old Dominion filed its Preliminary Response to the Stay Motion (the "Stay Response").

11. On February 2, 2011 and March 9, 2011, the Court conducted preliminary hearings on the Stay Motion and the Stay Response. During the interim, Old Dominion voluntarily agreed to

not contact its customers to demand payment (as described in the Response and herein) while the Debtor and Old Dominion attempted to negotiate a consensual resolution. The final evidentiary hearing on the Motion is scheduled for April 25, 2011.

12. Notwithstanding Old Dominion's agreement to not contact its customers to seek payment – which agreement provided the Debtors the alleged needed breathing period needed to pay the prepetition claims – and the Debtor's authority to satisfy the prepetition claim of Old Dominion, the parties were unable to reach a consensual resolution.

**B. Relationship Between the Debtor and Old Dominion**

13. Old Dominion is a leading national less-than-truckload ("LTL") motor carrier providing services to its customers throughout the United States. Old Dominion conducts business with the Debtor under two independent relationships – one directly and one indirectly.

14. The Debtor's direct relationship with Old Dominion is formed when the Debtor operates as a broker for the Debtor's customers and contracts with Old Dominion for freight services. Under this relationship, Old Dominion is in privity with the Debtor.

15. Conversely, with respect to the indirect relationship, Old Dominion's customers contract direct with Old Dominion for freight services. In that instance, Old Dominion has no contractual relationship with and is not in privity with the Debtor. Rather, Old Dominion is in privity with Old Dominion's customers who have elected to use Old Dominion for certain freight services.

16. Separately, certain of Old Dominion's customers may also choose to engage the Debtor for certain intermediary billing and other services. In instances such as this one, Old Dominion has no direct relationship or privity with the Debtor. Its only relationship with the

Debtor for these transactions is one where the Debtor is obligated to pay Old Dominion on behalf of Old Dominion's customers (the "Intermediary Relationship").

17. Pursuant to the Intermediary Relationship, Old Dominion's customers pay the Debtor the entire amount they owe to Old Dominion and the Debtor is contractually obligated to remit the payment to Old Dominion on behalf of Old Dominion's customers. During the pendency of this case, Old Dominion has not received payments from certain of its customers – either directly or indirectly through the Debtors. Accordingly, in the ordinary course of business and pursuant to its contracts with its customers, Old Dominion is entitled to payment from its customers for any amounts outstanding for services it provided to its customers.

18. Notwithstanding the Independent Contractors Order, the Debtor's multiple representations that it owes Old Dominion these monies, Old Dominion's agreement to be paid over time, and the passing of more than two months, the Debtor has not made a single payment to Old Dominion.

## **RELIEF REQUESTED**

19. By this Motion, Old Dominion respectfully requests that this Court enter an order effective as of the date of filing this Motion pursuant to section 362(d) of the Bankruptcy Code modifying the automatic stay, to the extent necessary, to authorize Old Dominion to contact its customers to demand payment. As set forth in the Response and herein, this Motion is filed purely as prophylactic measure. Old Dominion submits that the monies that are the subject of this Motion and the contracts that Old Dominion will seek to enforce are not estate property and the automatic stay is not implicated in any manner.

## ARGUMENT

20. The Bankruptcy Code provides that a petition for bankruptcy "operates as a stay . . . of . . . any act to obtain possession of property of the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "Property of the estate" is defined as "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

21. Whether a debtor's interest constitutes "property of the estate" is a federal question. See Lewis v. Charles R. Hall Motors, Inc. (In re Lewis), 137 F.3d 1280, 1283 (11th Cir. 1998). Nonetheless, "the nature and existence of the [debtor's] right to property is determined by looking at state law." Id. (quoting Southtrust Bank of Ala. v. Thomas (In re Thomas), 883 F.2d 991, 995 (11th Cir. 1989)).

22. "A bill of lading is the basic transportation contract between the shipper/consignor and the carrier, the terms and conditions of which bind the shipper and all connecting carriers. . . In the absence of a statement to the contrary, when a bill of lading is intended to conform to the industry standard, by default "the consignor remains primarily liable."" Spedag Americas, Inc. v. Petters Hospitality & Entm't Group LLC, 2008 U.S. Dist. LEXIS 62911 (S.D. Fla. Aug. 18, 2008) (citing S. Pac. Transp. Co. v. Commercial Metals, Co., 456 U.S. 336, 342, 102 S. Ct. 1815, 72 L. Ed. 2d 114 (1982).

23. As the United States District Court for the Southern District of Florida has noted:

> The default terms and conditions of a standard bill of lading are generally distilled as follows:
>
> The bill of lading provides that the owner or consignee shall pay the freight and all other lawful charges upon the transported property and that the consignor remains liable to the carrier for all lawful charges. The bill of lading, however, also contains "nonrecourse" and "prepaid" provisions that, if marked by the

5

parties, release the consignor and consignee from liability for the freight charges. If the nonrecourse clause is signed by the consignor and no provision is made for the payment of freight, delivery of the shipment to the consignee relieves the consignor of liability. Similarly, when the prepaid provision on the bill of lading has been marked and the consignee has already paid its bill to the consignor, the consignee is not liable to the carrier for payment of the freight charges.

In other words, under the default terms of the uniform "straight bill of lading," the shipper/consignor is liable for freight charges unless the bill of lading is marked "nonrecourse," and the consignee is liable for freight charges unless the bill of lading is marked "prepaid."

Spedag, 2008 U.S. Dist. LEXIS 62911, at 5-6 (citing and quoting C. A. R. Transportation Brokerage Co. v Darden Restaurants, Inc., 213 F. 3d 474, 478-79 (9th Cir. 2000).

24. Here, the bills of lading are "straight bills of lading" and are between the shippers (i.e., Old Dominion's customers) and Old Dominion. Copies of the bills of lading are attached hereto as Exhibit A. None of the bills of lading is marked "nonrecourse" or "prepaid." Accordingly, as a matter of law, the shippers (i.e., Old Dominion's customers) remain liable for the charges – notwithstanding whether such customers the Debtor paid these amounts to the Debtor.

25. Section 362(a) provides that the filing of a Bankruptcy Petition operates as a stay of and precludes, among other things, "any act to obtain possession of property of the estate or of property from the estate or exercise control over property of the estate." 11 U.S.C. §362(a)(3). The automatic stay does not implicate non-debtor assets. Accordingly, out of an abundance of caution, and as a prophylactic matter, Old Dominion is filing this Motion, to the extent the automatic stay applies, to request the Court enter an order granting Old Dominion relief from the automatic stay to exercise its contractual rights to contact its customers to demand payment.

26. As justification for the Independent Contractors Motion, the Debtor argued, among other things, that the "Independent Contractors may assert claims against the Debtor's customers, interrupting the Debtor's cash flow and threatening the Debtor's continued relationships." Independent Contractors Motion, ¶ 2. Moreover, the Debtor adopted Old Dominion's position in citing Eleventh Circuit precedent and stating "with respect to Carriers, the Carriers may have direct claims against the Debtor's customers. See National Shipping Company of Saudi Arabia v. Omni Lines, Inc., 106 F. 3d 1544 (11th Cir. 1997) (finding a shipper may be liable to a carrier if the freight forwarder does not pay the carrier *even if the shipper paid the paid the freight forwarder to have the goods shipped.*)" (emphasis in original). Independent Contractors Motion, ¶ 18.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Old Dominion Freight Line, Inc. respectfully requests that this Court grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) effective as of the date of filing this Motion to exercise its rights to demand payment from its customers and grant Old Dominion Freight Line, Inc. such other and further relief that the Court deems just and appropriate.

Dated: May 2, 2011                    Respectfully Submitted,

                                      **McGUIREWOODS LLP**

                                      By: /s/ *Sara F. Holladay-Tobias*
                                          Daniel F. Blanks
                                          Florida Bar No. Pending
                                          (*Admitted Pro Hac Vice*)
                                          Sara F. Holladay-Tobias
                                          Florida Bar No. 0026225
                                          50 N. Laura Street, Suite 3300
                                          Jacksonville, Florida 32202
                                          (904) 798-3200
                                          (904) 798-3207 (fax)
                                          dblanks@mcguirewoods.com
                                          sfhollad@mcguirewoods.com

                                          *Attorneys and Trial Counsel for Old Dominion Freight Line, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I electronically filed *Old Dominion Freight Line, Inc.'s Amended Motion For Relief From The Automatic Stay, To The Extent Applicable, To Exercise Its Rights To Seek Payment From Its Customers* with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this proceeding. I further certify that a copy has been furnished by U.S. Mail to all parties listed on the attached Local Rule 1007(d) Parties in Interest List dated May 2, 2011, including the following:

| Cargo Transportation Services, Inc. <br> 1300 Sawgrass Corporate Parkway, Suite 110 <br> Sunrise, FL 33323 <br> *Debtor* | Edward J. Peterson, III, Esq. <br> epeterson@srbp.com <br> Susan H. Sharp, Esq. <br> ssharp.ecf@srbp.com <br> Charles A. Postler, Esq. <br> cpostler.ecf@srbp.com <br> Amy Denton Harris, Esq. <br> aharris.ecf@srbp.com <br> Stichter, Riedel, Blain & Prosser, P.A. <br> 110 East Madison Street, Suite 200 <br> Tampa, FL 33602 <br> (813) 229-0144 <br> (813) 229-1811 (fax) <br> *Attorneys for Debtor* |

| David S. Jennis, Esq.<br>ecf@jennisbowen.com<br>Jennis & Bowen, P.L.<br>ecf@jennisbowen.com<br>Kathleen L. DiSanto, Esq.<br>400 N. Ashley Drive, Suite 2540<br>Tampa, FL 33602<br>(813) 229-1700<br>(813) 299-1707 (fax)<br>*Attorneys for Debtor* | James B. Soble, Esq.<br>Ruden McClosky P.A.<br>401 E. Jackson Street<br>Tampa, FL 33602<br>*Attorneys for Debtor* |
|---|---|
| United States Trustee - TPA<br>Timberlake Annex, Suite 1200<br>501 E. Polk Street<br>Tampa, FL 33602<br>(813) 228-2000 | Nicole Peair, Esq.<br>Nicole.W.Peair@USdoj.gov<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602<br>(813) 228-2000<br>*Attorney for U.S. Trustee* |
| Official Committee of Unsecured Creditors<br>of Cargo Transportation Services, Inc.<br>c/o Craig V. Rasile, Esq.<br>Hunton & Williams LLP<br>1111 Brickell Avenue, Suite 250<br>Miami, FL 3311 | Craig V. Rasile, Esq.<br>crasile@hunton.com<br>Hunton & Williams, LLP<br>1111 Brickell Avenue, Suite 250<br>Miami, Fl 33131<br>(305) 810-2500<br>(305) 810-1669 (fax)<br>*Attorneys for Official Committee of Unsecured Creditors of Cargo Transportation Services, Inc.* |

/s/ *Sara F. Holladay-Tobias*

\30905065.1

```
Label Matrix for local noticing          AAA Cooper Transportation                AAA Cooper Transportation
113A-8                                   Michelle Lewis, Director - Admin & Custo Michelle Lewis, Director Admin & Custome
Case 8:11-bk-00432-MGW                   1751 Kinsey Road                         1751 Kinsey Road
Middle District of Florida               Dothan, AL 36303-5877                    Dothan, AL 36303-5877
Tampa
Mon May  2 12:36:38 EDT 2011

Advance Business Capital LLC             American Express Bank                    American Express Bank FSB
c/o Michael W. Ullman, Esq.              c/o Becket & Lee                         c/o Becket and Lee LLP
Ullman & Ullman, P.A.                    PO Box 3001                              POB 3001
150 East Palmetto Park Road, Suite 700   Malvern, PA 19355-0701                   Malvern  PA 19355-0701
Boca Raton, Florida 33432-4829

Apex Capital Corp.                       Apex Capital Corp.                       Ashley-601, Inc.
c/o Mark A Gilbert, Esq                  c/o Mark A. Gilbert                      c/o Philip R. Lazzara, Esq.
Coleman Talley, LLP                      Coleman Talley LLP                       307 S Boulevard, Suite D
PO Box 961029                            910 N. Patterson Street                  Tampa, FL 33606-2177
Ft Worth, TX 76161-0029                  Valdosta, GA 31601-4531

BBK, Ltd                                 Dawn A Carapella                         Comerica Bank
c/o Zachary J. Eskau                     Trenam, Kemker, Scharf, Barkin, et al    c/o Kenneth Mather
Dawda, Mann, Mulcahy & Sadler, PLC       P.O.  Box 1102                           Broad and Cassel
39533 Woodward Avenue, Suite 200         Tampa, FL 33601-1102                     Regions Bank Building, Suite 3500
Bloomfield Hills, MI 48304-5103                                                   Tampa, FL 33602

Comerica Bank                            Daniel F Blanks, Esq                     David Sorenson
c/o Roy S. Kobert                        50 N Laure Street, Suite 3300            c/o Peter M Feaman, Esq.
Broad and Cassel                         Jacksonville, FL 32202-3661              802 Crosswinds Dr
390 North Orange Avenue, Suite 1400                                               Green Acres, FL 33413-2058
Orlando, FL 32801-1640

Department of Labor and Security         Department of Revenue                    Kathleen L. DiSanto
Hartman Building Suite 307               PO Box 6668                              Jennis & Bowen
2012 Capital Circle Southeast            Tallahassee FL 32314-6668                400 N. Ashley Dr., Ste 2540
Tallahassee FL 32399 0648                                                         Tampa, FL 33602-4317

Bert Echols                              Ronald M Emanuel                         Estes Express Lines
The Hale Law Group, PLLC                 Ronald M Emanuel PA                      Wendy Belcher, Credit Manager
88 Union Avenue                          8751 West Broward Blvd, Suite 100        3901 West Broad Street
Suite 700                                Plantation, FL 33324-2630                Richmond, VA 23230-3962
Memphis, TN 38103-5128

Estes Express Lines                      Estes Express Lines                      Peter M Feaman
c/o Lawrence J. Roberts, Esq.            c/o Rafael X. Zahralddin-Aravena, Esq.   Peter M Feaman PA
249 Catalonia Avenue                     1105 N Market Street, Suite 1700         3615 W Boynton Beach Blvd
Coral Gables, FL 33134-6704              Wilmington, DE 19801-1228                Boynton Beach, FL 33436-4501

General Electric Capital Corporation     General Electric Capital Corporation     Amy Denton Harris
c/o John S Schoene, Esq                  c/o John S. Schoene, Esq.                Stichter, Riedel, Blain & Prosser, P.A.
100 E Sybelia Ave., #205                 100 E. Sybelia Ave., Suite 205           110 E Madison Street, Suite 200
Maitland, FL 32751-4757                  Maitland, FL 32751-4757                  Tampa, FL 33602-4718

R J Haughey II                           Sara F Holladay-Tobias                   Internal Revenue Service
Sivyer Barlow & Watson, PA               McGuire Woods LLP                        P.O. Box 7346
SunTrust Financial Centre                50 North Laura Street                    Philadelphia, PA 19101-7346
401 E. Jackson Street, Suite 2225        Suite 3300
Tampa, FL 33602-5213                     Jacksonville, FL 32202-3661
```

| | | |
|---|---|---|
| David S. Jennis<br>Jennis & Bowen, P.L.<br>400 N Ashley Drive, Suite 2540<br>Tampa, FL 33602-4317 | Roy S Kobert<br>Post Office Box 4961<br>Orlando, FL 32802-4961 | Philip R Lazzara<br>307 S Boulevard, Ste D<br>Tampa, FL 33606-2177 |
| Los Angeles County Treasurer and Tax Collect<br>attn: Man-Ling Kuo, Tax Services Clerk I<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | MI Transportation, Inc.<br>c/o Dawn Carapella<br>P.O. Box 1102<br>Tampa, FL 33601-1102 | Mangat Group, Inc.<br>Peter M Feaman, Esq.<br>3615 West Boynton Beach Blvd<br>Boynton Beach, FL 33436-4501 |
| Michael C Markham<br>Johnson Pope Bokor Ruppel & Burns LLP<br>Post Office Box 1368<br>Clearwater, FL 33757-1368 | Kenneth G M Mather<br>Broad and Cassel<br>100 North Tampa Street, Ste 3500<br>Tampa, FL 33602-5969 | Mercedes-Benz Financial Services USA LLC<br>Stephen P Hale, Esq<br>Bert Echols, Esq<br>88 Union Ave., Suite 700<br>Memphis, TN 38103-5128 |
| Nicole Peair, Esq.<br>US Department of Justice<br>Office of the US Trustee, Region 21<br>501 E Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | Office of US Attorney<br>Attn Civil Process Clerk<br>400 North Tampa St Suite 3200<br>Tampa FL 33602-4774 | Old Dominion Freight Line, Inc.<br>c/o Sara F. Holladay-Tobias, Esq.<br>McGuireWoods LLP<br>50 North Laura Street, Suite 3300<br>Jacksonville, FL 32202-3661 |
| Old Dominion Trucking<br>c/o Sara F. Holladay-Tobias<br>McGuireWoods LLP<br>50 North Laura Street, Suite 3300<br>Jacksonville, FL 32202-3661 | Nicole Peair<br>Timberlake Annex<br>501 E Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | Edward J. Peterson III<br>Stichter, Riedel, Blain & Prosser, PA<br>110 East Madison Street, Suite 200<br>Tampa, FL 33602-4718 |
| Charles A. Postler<br>Stichter, Riedel, Blain & Prosser<br>110 E Madison Street, Suite 200<br>Tampa, FL 33602-4718 | Precision Truck Lines, Inc.<br>Ravi Annand, Vice Pres of Finance<br>8111 Huntington Road<br>Woodbridge, Ontario Canada L4H 0S6 | Precision Truck Lines, Inc.<br>Ravi Annand, Vice President of Finance<br>8111 Huntington Road<br>Woodbridge, Ontario Canada, L4H 0S6 |
| R & L Transfer, Inc.<br>Michael Shroyer, Chief Financial Officer<br>600 Gillam Road<br>Wilmington, OH 45177-9089 | Craig V. Rasile<br>Hunton & Williams, LLP<br>1111 Brickell Avenue, Suite 2500<br>Miami, FL 33131-3155 | Lawrence J. Roberts<br>249 Catalonia Avenue<br>Coral Gables, FL 33134-6704 |
| Ryder Truck Rental, Inc<br>Kevin Sauntry, Corporate Collection Mana<br>6000 Windward Parkway<br>Alpharetta, GA 30005-4181 | Ryder Truck Rental, Inc.<br>Kevin Sauntry, Corp Coll Manager<br>Chairperson<br>6000 Windward Parkway<br>Alpharetta, Ga 30005-4181 | Ryder Truck Rental, Inc.<br>c/o Roger J. Haughey, II<br>Sivyer Barlow & Watson, P.A.<br>401 E. Jackson Street, Suite 2225<br>Tampa, FL 33602-5213 |
| John S Schoene<br>John S Schoene PA<br>100 East Sybelia Avenue<br>#205<br>Maitland, FL 32751-4757 | Susan H Sharp<br>Stichter, Riedel, Blain & Prosser, P.A.<br>110 E Madison Street, Suite 200<br>Tampa, FL 33602-4718 | James B Soble<br>Ruden McClosky PA<br>401 E Jackson Street<br>Tampa, FL 33602-5233 |
| Stichter, Riedel, Blain & Prosser, P.A.<br>110 Madison Street-Ste 200<br>Tampa, FL 33602-4718 | Michael W Ullman<br>Ullman & Ullman PA<br>150 East Palmetto Park Road<br>Suite 650<br>Boca Raton, FL 33432-4843 | United States Trustee - TPA<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |

Value Transport, LLC
c/o Michael C. Markham, Esq.
Johnson, Pope, et al
P.O. Box 1368
Clearwater, FL 33757-1368

Value Transport, LLC
c/o Michael C. Markham, Esq.
PO Box 1368
Clearwater, FL 33757-1368

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

Martin J. Weiss
Dilworth Paxson LLP
1500 Market Street, Ste 3500E
Philadelphia, PA 19102-2101

Wells Fargo Equipment Finance, Inc.
c/o Ronald M. Emanuel, P.A.
8751 West Broward Blvd., Suite 100
Plantation, FL 33324-2630


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

End of Label Matrix
Mailable recipients    64
Bypassed recipients     1
Total                  65