# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

CARGO TRANSPORTATION,             Case No. 8:11-bk-00432-MGW
SERVICES, INC.                                  Chapter 11

         Debtor.
_____/

## ORDER SCHEDULING FURTHER PRELIMINARY HEARING ON CARRIER MATTERS WITH OLD DOMINION AND ESTES EXPRESS

THIS CASE first came before the Court for a preliminary hearing on March 9, 2011 (the "March 2011 Hearing"), on the *Debtor's Emergency Motion for an Order: (1) To Show Cause Why Certain Independent Contractors Should Not Be Held in Contempt for Violation of the Automatic Stay; and (2) To Enforce Automatic Stay* (Doc. No. 67) (the "OTSC Motion"). The Court also had before it two responses to the OTSC Motion. These included *Old Dominion Freight Line, Inc.'s Preliminary Response* (Doc. No. 81) ("Old Dominion Objection") and *Estes Express Lines' Limited Response to Emergency Motion* (Doc. No. 198) ("Estes Response").

At the March 2011 Hearing, counsel for the Debtor asserted that certain less than load carriers (the "LTL ICs") were pursuing customers (i.e., shippers and/or consignees) for the collection of pre-petition claims of the estate (the "Pre-Petition Claims") that the LTL ICs also assert against the Debtor and its estate. Counsel for the Debtor further asserted that contact by the LTL ICs to customers for collection of Pre-Petition Claims will interrupt the Debtor's cash flow and threaten the Debtor's continued relationships

{00155373.DOC;5}

with the customers. Counsel for the Debtor further acknowledged that nothing in the relief sought by the Debtors would prevent Estes Express Lines ("Estes"), Old Dominion Freight Line, Inc. ("Old Dominion"), or R+L Carriers, Inc. ("R+L Carriers") from contacting customers in the ordinary course for purposes of getting business as Estes is not restricted by law or contract from contacting shared customers. The Court continued the preliminary hearing on the OTSC Motion to May 25, 2011 (the "May 2011 Hearing"),[1] with respect to Old Dominion, R+L Carriers, and an agreement with Estes regarding contacting customers in the ordinary course of business.

At the May 2011 Hearing, the Court again considered the OTSC Motion. It also held initial preliminary hearings on *Old Dominion Freight Line, Inc.'s Amended Motion for Relief from the Automatic Stay* (Doc. No. 329) ("Old Dominion Amended Stay Relief Motion") and *Estes Express Lines' Emergency Motion for Relief from Stay* (Doc. No. 351) ("Estes Stay Relief Motion"). Appearances were made as reflected on the record. After considering the argument and proffers of counsel, together with the record, the Court finds it appropriate to grant the OTSC Motion as to all carriers except for Old Dominion. The Court will schedule a further preliminary hearing ("Further Preliminary Hearing") on the OTSC Motion as to Old Dominion, on the Old Dominion Amended Stay Relief Motion, and on the Estes Stay Relief Motion. Therefore, for the reasons stated orally and recorded in open Court, it is

---

[1] At the March 2011 Hearing, the Court stated that it would hold a final evidentiary hearing on April 25, 2011 on the OTSC Motion as to Old Dominion. However, at a hearing held on April 19, 2011, on other matters in this chapter 11 case, the Court found it appropriate to reschedule the hearing on the OTSC Motion as to Old Dominion as preliminary hearing on May 25, 2011. (Doc. No. 320.)

**ORDERED**:

1. The OTSC Motion is GRANTED in part on a final basis with respect to all of the LTL ICs except Old Dominion, on the terms and conditions set forth herein.

2. The OTSC Motion is CONTINUED in part with respect to Old Dominion. A ruling on the Old Dominion Objection is deferred until the Further Preliminary Hearing scheduled below.

3. The Estes Response is resolved on the terms and conditions set forth herein.

4. The LTL ICs listed on Exhibit "A" attached hereto (other than New England Motor Freight, R+L Carriers, Inc., YRC North American Transporters, AAA Cooper Transportation, and Estes, who have represented that they will not pursue the Debtor's customers for collection of the Pre-Petition Claims, absent obtaining an order granting them relief from the automatic stay or an order determining that the automatic stay does not apply to such collection efforts), shall, as agreed to by Old Dominion (with such agreement by Old Dominion applying to the time period from March 9, 2011, through and including April 25, 2011, or as further agreed by the parties) and as ordered with respect to the remaining parties listed on Exhibit "A," cease and desist any and all efforts to contact any customers of the Debtor (i.e., shipper and/or consignees) for collection of any Pre-Petition Claims that the LTL ICs assert against the Debtor and its estate. Further, the Debtor shall not take any action during the pendency of this bankruptcy case that would cause R+L Carriers, Inc. or its affiliates to accrue an administrative expense claim in this bankruptcy case.

5. <u>Further Preliminary Hearing</u>. The Court will conduct a Further Preliminary Hearing on **June 9, 2011,** at **1:30 p.m.**, in Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, on the following matters:

- OTSC Motion (Doc. No. 67) as to Old Dominion,
- Old Dominion Amended Stay Relief Motion (Doc. No. 329), and
- Estes Stay Relief Motion (Doc. No. 351).

6. The Further Preliminary Hearing will be non-evidentiary. If a final evidentiary hearing is needed, it will be conducted on June 20, 2011 at 1:30 p.m. ("Final Evidentiary Hearing").

7. The automatic stay shall remain in effect pending the conclusion of the Further Preliminary Hearing and any continuance thereof, but nothing herein shall prejudice or preclude the rights of Old Dominion to contact Stajac and Metal Industries with respect to the payment or collection of outstanding post-petition amounts that may be owed to Old Dominion by Stajac and Metal Industries for freight carriage by Old Dominion for Stajac and Metal Industries after the commencement of this case.

8. <u>Witness List</u>. The parties shall exchange names and addresses of witnesses seven (7) days prior to the date of the Final Evidentiary Hearing.

9. <u>Exhibits</u>. The parties shall exchange exhibits no less than two (2) business days before the Final Evidentiary Hearing. All exhibits the parties intend to introduce into evidence must be pre-marked and listed in accordance with Local Rule 9070-1. Unless written objection is filed with the Court and served by facsimile transmission

before the Final Evidentiary Hearing as to their authenticity, copies of the exhibits will be admitted in lieu of originals.

10. <u>Shortened Discovery Response Deadlines</u>. The time for service of responses to all written discovery shall be shortened to three (3) days from the date service of such discovery is effectuated.

11. <u>Depositions</u>. Depositions may be conducted on not less than five (5) days from the date of service of a notice of taking deposition.

12. <u>Discovery Cutoff</u>. All discovery shall be completed by two (2) business days before the date set for the final evidentiary hearing.

13. <u>Discovery Disputes</u>. To the extent there are disputes during the conduct of discovery in this case, the parties shall first confer in good faith to resolve the issue. If unsuccessful, the parties, or any of them, may request a telephone conference with the Court at a convenient time for all parties at which a court reporter will not be present. If the request is granted, then the Court will hear from the parties and advise the parties informally as to how the Court might rule if formally presented with the dispute. The Court's informal ruling shall be without prejudice to the right of the party to file a formal motion and be heard further on the matters in dispute.

14. <u>Appropriate Attire</u>. You are reminded that M.D. Fla. L.B.R. 5072-1(b)(16) requires that all persons appearing in Court shall dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

15. <u>Avoid delays at courthouse security checkpoints</u>.  You are reminded that M.D. Fla. L.B.R. 5073-1 restricts the entry of cellular telephones and computers into the courthouse absent a specific order of authorization issued beforehand by the presiding judge.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on June 07, 2011.

*/s/ M.G. Williamson*
Michael G. Williamson
United States Bankruptcy Judge

Copies furnished to:

**David S. Jennis**, Jennis & Bowen, P.L., 400 N. Ashley Drive, Suite 2540, Tampa, FL  33602
**Old Dominion Freight Line, Inc., Daniel F. Blanks and Sara F. Holladay-Tobias**, McGuire Woods, 50 N. Laura Street, Suite 3300, Jacksonville, FL 32202
**Estes Express Lines, Rafael X. Zahralddin-Aravena**, Elliott Greenleaf, 1105 North Market Street, Suite 1700, Wilmington, DE 19801
**Estes Express Lines, Lawrence J. Roberts**, 249 Catalonia Avenue, Coral Gables, Florida 33134
**R+L Carriers, Inc., John F. Isbell**, Thompson Hine LLP, 1201 West Peachtree Street, Suite 2200, Atlanta, Georgia 30309
**R+L Carriers, Inc., Dawn A. Carapella,** Trenam Kemker, et al**.**, 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602
**United States Trustee**, 501 East Polk Street, Timber Lake Annex, Suite 1200, Tampa, Florida 33602;
**Craig V. Rasile - Counsel for Official Committee of Unsecured Creditors -** DLA Piper, 200 S. Biscayne Blvd., Suite 2300, Miami, FL 33131
 **Roy S. Kobert**, Broad and Cassel, P.O. Box 4961, Orlando, FL 32802-4961
**Kenneth Mather**, Broad and Cassel, 100 N. Tampa Street, Suite 3500, Tampa, FL 33602
**Counsel for New England Motor Freight**
**Counsel for YRC North American Transportation**
**Parties Listed on the attached Exhibit "A"**

EXHIBIT "A"

| Carrier Name | Contact Person | Title | Phone Number | Email | Carrier Name and Address |
|---|---|---|---|---|---|
| | | | | | AAA COOPER TRANSPORTATION<br>1751 Kinsey Road<br>Dothan, AL 36303 |
| AIT WORLDWIDE LOGISTICS INC | JOY HUMTER | CORPORATE ACCOUNTS RECEIVABLES | 406-532-3143 | jhunter@aitworldwide.com | AIT WORLDWIDE LOGISTICS<br>CORPORATE HEADQUARTERS<br>701 N ROHLWING RD<br>ITASCA, IL 60143 |
| ESTES | Wendy Belcher | Cooperate Credit Manager | 804-353-1900 x2321 | wbelcher@estes-express.com | ESTES<br>CORPORATE HEADQUARTERS<br>3901 WEST BROAD ST<br>RICHMOND, VA 23230 |
| Gold Coast Freightways Inc (LTL) | Judy Corpas | Accounts Receivables Manager | 877-465-3585 | jcorpas@gcfreight.com | GOLD COAST FREIGHTWAYS<br>12250 NW 28TH AVE<br>MIAMI, FL 33167 |
| New England Motor Freight | Terry Acker | Credit and Collections Manger | | tacker@nemf.com | NEW ENGLAND MOTOR FREIGHT<br>HEADQUARTERS<br>1-71 NORTH AVE<br>EAST ELIZABETH, NJ 07201 |
| Old Dominion Freight | Pat Barker | Manager Legal Collecitons | 336-822-5344 | pat.barker@odfl.com | OLD DOMINION FREIGHT LINE<br>500 OLD DOMINION WAY<br>THOMASVILLE, NC 273600 |
| R and L Carriers | Krista Jones | Team Lead | 800-543-5589 x1418 | kdjones@rlcarriers.com | RL CARRIERS<br>600 GILLAM ROAD<br>WILMINGTON, OH 45177 |
| Southeastern Freight Lines | Denise Smith | CREDIT MANAGER | Phone 803-939-3434 | denise.smith@sefl.com | SOUTHEASTERN FREIGHT<br>420 DAVEGA ROAD<br>LEXINGTON, SC 29073 |
| Yellow Freight | Vera Davis | Credit Analyst-Credit Risk Team | 913-344-5329 | Vera.Davis@yrcw.com | YRC NORTH AMERICAN TRANSPORTATION<br>10990 ROA AVE<br>MAIL STOP F310<br>OVERLAND PARK, KS 66211 |
| Wilson Trucking | | | 540-949-3200 | | WILSON TRUCKING CORP<br>PO BOX 200<br>FISHERVILLE, VA 22939-0200 |